FILED
2014 Jun-19  PM 03:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| LANDON JONES, | * |
|  | * |
| **Plaintiff,** | * |
|  | * |
| vs. | *  CASE NO._____ |
|  | * |
| JEFFERSON STATE COMMUNITY COLLEGE, |  |
|  | * |
| **Defendant.** | * |

### COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned counsel of record, and alleges as follows:

### JURISDICTION

1.   This is an action for violation of the Plaintiff's rights guaranteed by the United States Constitution, and is brought pursuant to Title VII of the Civil Rights Act of 1964, et seq.  Accordingly, jurisdiction is based on federal question jurisdiction, 42 U.S.C. Section 1331, and 29 U.S.C. Section 2617 (a)(2), et seq.

### PARTIES

2.   Plaintiff is an African-American adult resident of Jefferson County, Alabama, over the age of twenty-one years, and a citizen of the United States.

3.   Defendant Jefferson State Community College, is a State of Alabama and two-year college, operating in Jefferson County, Alabama, under the supervision of the Alabama Department of Post-Secondary Education, an agency of the State of Alabama.

1

## **ALLEGATIONS**

4.   Plaintiff incorporates by reference the allegations contained in paragraphs one through three above as though fully stated herein.

5.   Plaintiff was employed as a non-probationary mathematics instructor for Jefferson State Community College. His employment was initially suspended, with pay, during March, 2010. Shortly afterwards, during February, 2011, the Defendant recommended his termination. The termination was appealed by the Plaintiff pursuant to the Fair Dismissal Act, Section 36-26-106 *Code of Alabama (*1975). A Fair Dismissal Act hearing was conducted in October, 2011. However, no decision was issued until May 31, 2013. At that time, a substitute hearing officer issued a written opinion affirming the dismissal. Until that date, Plaintiff was still receiving his paycheck from Jefferson State Community College and considered an employee on administrative leave, and therefore unable to obtain other employment. Following his termination in May, 2013, Plaintiff timely filed an EEOC charge of discrimination, alleging his termination was done on the basis of his race. The EEOC subsequently issued a Right to Sue letter, and this action is filed within 90 days of Plaintiff's receipt of that notice.

6.   Plaintiff's termination from Jefferson State was done on the basis of race. Despite receiving excellent evaluations for his job performance, Plaintiff's white-Caucasian supervisors at Jefferson State, including college president Judy Merritt, actively sought Plaintiff's termination. During 2009 and 2010, Defendant's initiated a unique investigative evaluation to justify terminating the Plaintiff. Defendant's ignored the

results of Plaintiff's regular evaluation, and instead conducted it's own analysis concerning the pass-fail ratio of Plaintiff's students. Defendant also encouraged students to make complaints concerning Plaintiff in order to document alleged abusive conduct for his file. The Defendant even conducted an unprecedented student survey of the Plaintiff immediately after he was asked to leave the classroom, in order to justify his termination.

7.   Defendant's decision to terminate Plaintiff was intentional, and on the basis of his race. Plaintiff was well-qualified for his position, and he was replaced by an equally or less-qualified white-Caucasian instructor. The persons at Jefferson State that made the decision to terminate the Plaintiff were also white-Caucasian. Throughout his employment at Jefferson State, Plaintiff was treated differently than similarly-situated white-Caucasian instructors, especially with respect to the manner of his evaluation as an instructor.

8.   As a proximate result of the above intentional discrimination, Plaintiff was terminated from his employment, and has suffered, and continues to suffer damages, including, mental anguish, humiliation, emotional distress, and lost employment income and benefits, and retirement benefits.

## COUNT ONE: TITLE VII RACE DISCRIMINATION

9. Plaintiff incorporates by reference the allegations contained in paragraphs one through 8 above, as though fully stated herein.

10.Defendant's actions were done intentionally and in violation of his right to be free from discrimination pursuant to Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff demands a judgment against Defendant JEFFERSON STATE COMMUNITY COLLEGE for the following:

    a.   Compensatory damages, in an amount which will compensate the Plaintiff for his emotional distress, humiliation, lost income.

    b.   Payment of reasonable civil rights attorney fees incurred in the prosecution of this action.

    c.   Punitive damages based on the intentional nature of Defendant's conduct.

## COUNT TWO: TITLE VII RETALIATION

11. Plaintiff incorporates by reference the allegations contained in paragraphs one through 10 above, as though fully stated herein.

12.  Defendant terminated Plaintiff in retaliation for his previous complaint of mistreatment based on his race. Specifically, prior to his termination, the Plaintiff complained on numerous occasions that he was being treated different than similarly-situated white-Caucasian instructors. Plaintiff made these complaints in 2009 and 2010 in response to his suspension referenced in paragraph 5 above, and on earlier occasions.

13.Defendant's actions were done intentionally and in violation of his right to be free from retaliation pursuant to Title VII of the Civil Rights Act of 1964, and done as a proximate result of his complaints of racial mistreatment.

WHEREFORE, Plaintiff demands a judgment against Defendant JEFFERSON STATE COMMUNITY COLLEGE for the following:

a.   Compensatory damages, in an amount which will compensate the Plaintiff

for his emotional distress, humiliation, lost income.

b.   Payment of reasonable civil rights attorney fees incurred in the

prosecution of this action.

c.   Punitive damages based on the intentional nature of Defendant's conduct.

**BY:   /s/  Steven Terry**
**STEVEN L.TERRY** (TERRS2537)
**Attorney for the Plaintiff**
**1409-B Government St.**
**Mobile, AL 36604**
**(251) 432-4800**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION.**

**BY: /s/ Steven Terry**

**Jefferson State Community College to be served by Certified Mail at the following**
**address:**
**2601 Carson Rd., Birmingham, Al 35215**